**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

JAMES STEFANIAK, KEITH J. PANACCIONE,
and CAROL YOUNG, individually and on behalf of
all others similarly situated

                        Plaintiffs,

     v.                                   Case No. 05-CV-720S

HSBC BANK USA, N.A. and
HSBC MORTGAGE CORPORATION (USA)

                        Defendants.
_____

## ORDER GRANTING PLAINTIFFS' MOTION
## FOR PRELIMINARY APPROVAL OF SETTLEMENT

This Court has reviewed and considered Plaintiffs' unopposed Motion for Preliminary

Approval of Settlement and the memoranda of the parties in support thereof.  (Docket Nos. 69, 70,

73, 75.)  For the reasons set forth in the motion and memoranda, and upon the good cause shown,

it hereby is ORDERED that:

       1.      Plaintiffs' unopposed Motion for Preliminary Approval of Settlement (Docket No.

69) is GRANTED.

       2.      For purposes of settlement only, the Class is hereby conditionally certified pursuant

to Rule 23 of the Federal Rules of Civil Procedure, defined as follows:

> Approximately 1,218 individuals who, between July 17, 1999, and June 15, 2007,
> were employed in New York by HSBC Bank USA, N.A. and HSBC Mortgage
> Corporation (USA) as telephone customer service employees, including those who
> were employed by HSBC Bank USA, N.A. as Customer Service Specialists, Senior
> Customer Service Specialists, Telephone Banking Representatives, Remote Banking
> Service Specialists, and Senior Remote Banking Specialists, and by HSBC Mortgage
> Corporation (USA) as Customer Service Specialists, Senior Customer Service
> Specialists, Telephone Banking Representatives, and Senior Telephone Banking

Representatives.

Excluded from the Class are any individuals who timely and validly request exclusion from the Class pursuant to the Notice disseminated in accordance with this Order.

3.      The Court provisionally, and for the purposes of this settlement only, finds that:

(a)      the Class Members consist of approximately 1,218 individuals employed by Defendants in the State of New York, and the requirement of numerosity is satisfied;

(b)      the litigation and proposed settlement raise questions of law and fact common to the Class (including whether the Class Members were entitled to compensation for their preparatory and end of day tasks in accordance with applicable overtime laws), and these common questions predominate over any questions affecting only individual Class Members;

(c)      the claims of James Stefaniak and Keith Panaccione, formerly employed by Defendants (the "Class Representatives"), are typical of the claims of the Class;

(d)      in assisting with the litigation and negotiating and entering into the proposed settlement, the Class Representatives and their counsel have fairly and adequately protected the interests of the Class, and will adequately represent the Class in connection with the proposed settlement; and

(e)      a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

4.      Pursuant to Rule 23(c)(1)(B), the Court appoints the Class Representatives and their counsel of record Outten & Golden LLP and Stueve Siegel Hanson LLP to act on behalf of the Class in connection with the proposed settlement.

5.      The proposed schedule of deadlines set forth in the section entitled "Settlement Process" in the Memorandum in Support of Plaintiffs' Motion for Preliminary Approval of Settlement (Docket No. 70, pp. 6-8) is APPROVED.

6.      If the proposed settlement is not finally approved by the Court or the settlement is terminated or fails to become effective in accordance with the terms of the Settlement Agreement, this conditional class certification shall be vacated without further order of the Court and without prejudice to the right of any party to seek or oppose class certification thereafter. Otherwise, upon the Effective Date of the Settlement, this conditional class certification shall become unconditional.

7.      A Final Fairness Hearing (the "Settlement Hearing") shall be held before this Court on **May 21, 2008,**, at **2:00 p.m.** at the United States District Court for the Western District of New York, 68 Court Street, Buffalo, New York 14202, to determine whether the proposed settlement is fair, reasonable, and adequate to the Class and should be approved by the Court; whether a Judgment should be entered herein; and to determine whether the fees and expenses requested by Plaintiffs' Counsel and the Representative Plaintiffs' requested incentive award should be approved.  The Court may adjourn the Settlement Hearing without further notice to Class Members.

8.     The parties have agreed that the Class be given notice of the proposed settlement by dissemination of a Class Notice, substantially in the form of Docket No. 69-3.  Pursuant to Rule 23(c)(2)(B), the Court approves the form and content of the Notice and finds that the Notice as proposed by the parties meets the requirements of Rule 23 and due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to the Class. The Court directs Class Counsel to disseminate the Class Notice in accordance with the terms of the Settlement Agreement.

9.     All persons who fall within the Class definition and who do not timely and validly exclude themselves from the Class shall be bound by all determinations and judgments in the litigation concerning the settlement.

10.     Persons who wish to exclude themselves from the Class shall request exclusion within the time and in the manner set forth in the Notice, including mailing or delivering a written exclusion request, such that it is received on or before 45 days from the date the Notice is mailed, to the parties' counsel at the addresses set forth in the Notice.  Unless the Court orders otherwise, no request for exclusion shall be valid unless it is made within the time and in the manner set forth in the Notice.

11.     Any Class Member may enter an appearance in the litigation, at the Class Member's own expense, individually or through counsel of the Class Member's choice.  Any Class Member who does not enter an appearance will be represented by Plaintiffs' Counsel. Pending final determination of whether the settlement should be approved, neither the Class Representative nor any Class Member, either directly, representatively, or in any other capacity, shall commence or prosecute against any of the Released Persons, any action or proceeding in any court or tribunal asserting any of the Released Claims.

12.     Any Member of the Class may appear and show cause why the proposed settlement should or should not be approved as fair, reasonable, and adequate; or why a judgment should or should not be entered thereon; or why the requested attorneys' fees and expenses should or should not be awarded to Plaintiffs' Counsel; provided, however, that no Class Member or any other person shall be heard on or entitled to contest the Court's decision on any of the foregoing matters unless that person – no later than 45 days from the date the Notice is mailed – has (a) filed written objections and any supporting papers and briefs with the Clerk of the United States District Court for the Western District of New York, 68 Court Street, Buffalo, New York 14202; and (b) mailed or delivered copies of such objections, papers, and briefs to the parties' counsel at the addresses listed in the Notice.

13.     Unless otherwise ordered by the Court, any Class Member who does not make his, her, or its objection in the manner provided in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed settlement or to any award of attorneys' fees and expenses to Plaintiffs' Counsel.

14.     No person that is not a Class Member or Plaintiffs' Counsel shall have any right to any portion of, or in the distribution of, the Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Settlement Agreement.

15.     The Settlement Fund shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such Settlement Fund shall be distributed pursuant to the Settlement Agreement or further order of the Court.

16.     Pursuant to Rule 23(h), the application by Plaintiffs' Counsel for approval of attorneys' fees and reimbursement of expenses, and the application for Class Representatives' incentive awards, shall be filed and served no later than 21 days prior to the Settlement Hearing. The parties may file final papers in support of the settlement and may respond to any objection to the settlement or the application for attorneys' fees and reimbursement of expenses, provided that such final briefing is filed and served no later than 7 days prior to the Settlement Hearing.

17.     The application for attorneys' fees or reimbursement of expenses, and the application for Class Representatives' incentive awards, will be considered separately from the fairness, reasonableness, and adequacy of the settlement.

18.     The costs of administering the settlement and providing notice shall be borne and paid as set forth in the Settlement Agreement.

19.     Neither the Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings in connection therewith, shall be construed as an admission or concession by Defendant of the truth of any of the allegations in the litigation, or of any liability, fault, or wrongdoing of any kind, all of which Defendant expressly denies.

20.     The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the Class Members, and retains jurisdiction to consider all further applications arising out of or in connection with the proposed settlement.  The Court may approve the settlement, with such modifications as may be agreed to by the parties, if appropriate, without further notice to the Class.

21.     If the settlement is not approved or consummated for any reason whatsoever, the

settlement and all proceedings had in connection therewith shall be without prejudice to the

rights of the parties status quo ante.

SO ORDERED.


Dated:          January 31, 2008
                Buffalo, New York


                                        /s/William M. Skretny
                                        William M. Skretny
                                        United States District Judge