UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JAMES STEFANIAK, KEITH J. PANACCIONE,
and CAROL YOUNG, individually and on behalf of
all others similarly situated,

                Plaintiffs,

    v.                                05-CV-720S

HSBC BANK USA, N.A. and
HSBC MORTGAGE CORPORATION (USA),

                Defendants.

## ORDER PERMITTING CLOSING OF THE SETTLEMENT ACCOUNT AND CY PRES DESIGNATION

Plaintiffs, James Stefaniak, Keith J. Panaccione and Carol Young, individually, and on behalf of others similarly situated, commenced this action against defendants HSBC Bank USA, N.A. and HSBC Mortgage Corporation (USA) on October 28, 2005, alleging violations of the Fair Labor Standards Act and New York Labor Law. The Court granted final approval of the $2,900,000 class settlement on June 28, 2008. (Docket No. 88.)

Paragraph 16 of the Final Order and Judgment Approving Rule 23 Class Action Settlement and Settlement Agreements Pursuant to the FLSA, and Awards of Attorney's Fees, Incentive Awards and Reimbursement of Expenses provides that any amount remaining in the Settlement Fund 120 days after these distribution shall be redistributed among the Class Members if practical and otherwise donated to a charitable *cy pres* designee to be agreed upon by the parties and approved by the Court. The settlement administrator has distributed the settlement fund to the class members pursuant to the Settlement Agreement and as of October 31,

2011, there remains a balance of $22,438.13 in the settlement fund.  The funds were distributed to 2,352 class members between Sept. 4, 2008, and July 18, 2011.

The Court finds that distributing $22,438.13 among 2,352 class members is not practical and that Plaintiffs' request to donate the remaining portion of the settlement fund to the National Employment Law Project ("NELP") as the *cy pres* designee is acceptable.

IT IS HEREBY ORDERED:

1. The settlement administrator shall stop payment on all outstanding checks on or before December 30, 2011, and close the settlement account on or before December 30, 2011.

2. Under the *cy pres* doctrine, the settlement administrator shall pay the $22,438.13 balance remaining in the settlement account to NELP on or before December 30, 2011.  This Court notes its broad discretion and equitable powers to permit the use of *cy pres* principles.  *Plotz v. NYAT Maint. Corp.*, No. 98 Civ. 8860, 2006 WL 298427, at *1 (S.D.N.Y. Feb. 6, 2006) (citing *Jones v. Nat'l Distillers*, 56 F.Supp.2d 355, 359 (S.D.N.Y. 1999)).  A *cy pres* donation is appropriate, where, as here, "residual class funds remain after class members were provided with an opportunity to deposit and claim their distribution."  *Reyes v. Buddha-Bar NYC*, No. 08 Civ. 2494, 2010 WL 2545859, at *1 (S.D.N.Y. June 18, 2010) (citing *Plotz*, 2006 WL 298427, at *1).

3. Under the *cy pres* doctrine, unused settlement funds must be distributed for a purpose as near as possible to the objectives underlying the lawsuit, the interest of the class members and those similarly situated. *In re Holocaust Victims Assets Litigation*, 424 F.3d 132, 141 n. 10 (2d. Cir. 2005); *see also Plotz*, 2006 WL 298427, at *1; *Schwab v. Philip Morris USA, Inc.*, CV04-1945, 2005 WL 3032556 (E.D.N.Y. Nov. 14, 2005). A plaintiff's selection of a *cy pres* recipient is entitled to deference because only the plaintiffs and their counsel can determine the objectives of their own lawsuit what is in the interest of the class they represent. *See Plotz*, 2006 WL 298427, at *2 ("The distribution preference of class counsel should be entitled to deference when the designated recipient is a legitimate and appropriate organization."); *Reyes*, 2010 WL 2545859, at *1 ("Class Counsel is in the best position to determine the purpose of the lawsuit and to select organizations whose purposes are consistent with it.").

4. NELP is an appropriate *cy pres d*esignee in a wage and hour class action. *Reyes,* 2010 WL 2545859, at *1 (holding that NELP is an appropriate *cy pres d*esignee in a wage-and-hour class action); *see also Plotz,* 2006 WL 298427, at *1 (same)*; Mohney v. Shelly's Prime Steak, Stone Crab & Oyster Bar,* 06 CIV. 4270, 2009 WL 6540162 (S.D.N.Y. Dec. 8, 2009) (same). NELP is a non-profit organization that advocates for low-wage worker rights. Through litigation and policy strategies, NELP supports the enforcement of employment laws and advocates for employment opportunities and benefits.

5.      Consequently, Plaintiffs' unopposed Motion for Cy Pres Designation and to Close the Settlement Account (Docket No. 89) is GRANTED.

SO ORDERED.

December 12, 2011
Buffalo, NY

                                                  s/William M. Skretny
                                                  WILLIAM M. SKRETNY
                                                          Chief Judge
                                            United States District Court